[L. A. No. 3876. Department Two.—March 14, 1917.]

S. G. HERRINGTON, Respondent, v. J. M. BAKER, Appellant.

EVIDENCE—EXPERT—ERROR IN REJECTION OF EVIDENCE CURED BY SUBSEQUENT TESTIMONY.—Where an expert witness was prevented from answering a pertinent question, but was subsequently permitted to testify freely on the subject, the initial ruling of the court is without prejudice to the party calling the witness.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellant.

Frederick Baker, and J. R. Gilliland, for Respondent.

LORIGAN, J.—This action was on contract. The complaint alleged that plaintiff and defendant entered into an agreement whereby defendant purchased from plaintiff all the trees in the nursery of plaintiff at Glendora, California, which on or about July 1, 1912, should be of a specified size, it being understood that the nursery contained eight thousand trees of three different varieties of citrus fruit trees, the price being sixty-five cents per tree; that defendant agreed to remove all the trees from said nursery on or before July 1, 1912, and to make therefor certain payments on designated dates up to May 1, 1912, and the balance as the trees were removed from the nursery which was to be not later than July 1, 1912; that plaintiff agreed to "irrigate, cultivate, and care for said nursery stock at his own expense and in a good and husbandlike manner until July 1, 1912," which the complaint alleged he had done, and further, that he had duly performed all the conditions of the contract on his part to be performed; that on or about July 1, 1912, defendant removed all but 3,763 trees from said nursery, refused to remove any more of them or to pay the balance of $2,604.35 due therefor under the contract, and plaintiff sued to recover that amount.

Defendant in his answer denied that plaintiff had "irrigated, cultivated, and cared for said nursery stock at his own expense in a good and husbandlike manner," and as to the trees, the purchase price of which was sought in the action, alleged, among other things, that said trees had not been and are not of a kind or character referred to in said contract; that they have not been and are not up to the standard prescribed in said contract, and have not been and are not fit for the purposes of removal, and for the purposes for which defendant contracted to take them.

Judgment was given the plaintiff for the amount prayed for. Defendant appeals from said judgment and an order denying his motion for a new trial.

There are but two points presented on this appeal. One pertains to a ruling against the admission of evidence; the other being that a certain finding of the court is not sustained by the evidence. The theory of the defendant under which his counsel framed his answer and attempted to present the testimony which he claims was erroneously rejected by the court was, that as this contract related to certain nursery stock to be raised by plaintiff, but which was to be removed by defendant, it was the duty of the plaintiff. to cultivate the said stock so as to keep it in proper condition to be removed at any time, and that he failed to do so. A witness called by defendant, aside from testifying as a witness to the condition in which he observed this nursery, was examined as an expert nurseryman and asked: ''What in your opinion would be a proper amount of water for irrigating that nursery; to keep it in proper cultivation, and in a good state or condition, during the months of May and June, for the removal of nursery trees?'' An objection to the last part of the question ''to irrigate the ground sufficient for the removal of nursery trees'' was made, on the ground that it was a duty which plaintiff was not required under the contract to fulfill. This objection was sustained by the court, and this is the ruling which defendant complains of, it being asserted that the ruling sprang from an erroneous construction which the court placed on the provision of the contract respecting irrigation and cultivation of the nursery stock by plaintiff.

It is insisted by appellant that the agreement on the part of plaintiff ''to irrigate, cultivate, and care for the nursery stock in a good and husbandlike manner until July 1, 1912,'' necessarily implied that the nursery stock should be kept in condition in whatever respect was necessary so as to be properly and safely transplanted when the defendant desired to remove it; that the contract was dealing with nursery stock in the possession and control of plaintiff, and if a particular amount of irrigation was necessary to put it in proper condition of cultivation for removal by respondent, then, from the language of the contract and the subject matter affected by it, there was an implied duty on the part of plaintiff to keep it in that condition.

We are not required to dispose of this claim of appellant as to the construction of this contract (with which respondent

however does not agree), because our examination of the evidence in the case satisfies us that whatever the proper construction of this provision of the contract might be, still, if it was conceded that the construction of the court respecting it as reflected by the ruling on the question asked was wrong, no injury resulted to appellant thereby. As a fact, the only matter which was contested in this case was the condition of the nursery during the months of May and June, 1912—the amount of irrigation which was necessary not only for general good husbandlike care, but particularly for the keeping of it in a proper condition for the removal of the nursery stock—and except as to the ruling called in question here, there was no limitation whatever put on either side from going fully into that matter. A large number of witnesses on the subject were called by appellant as well as respondent. Both sides seem to have used their pleasure in that respect except in the single instance when appellant claims it was denied to him under the ruling of the court. The matter was very thoroughly gone into, drifting early in the trial into the particular question whether proper irrigation required that the nursery soil be kept at all times in such a wet condition that the trees might be removed by "balling" them, or only so irrigated as to permit the removal of the trees with loose roots. There were but few witnesses called who did not feel qualified to testify on the subject, and did so in favor of one condition or the other being the proper one. The only apparent limitation, as we have said, which was placed on appellant, was the one asserted to have been worked by the ruling of the court. But in fact there was no limitation whatever, for it appears that though this witness did not testify on the subject embraced in the question of defendant at the time it was asked him, nevertheless he did so later on in his testimony. He went over the ground for both sides on direct and cross-examination, and stated that for the purpose of keeping the nursery in good, husbandlike care, an irrigation every twenty-one days would be proper, and that nursery stock would "ball" very satisfactorily up to ten days after the irrigation was had— in effect, that if removal by "balling" was contemplated, the irrigation should be made every ten days. As far as removal by "balling" or by loose roots was concerned, he testified that there was no particular method adopted by nurserymen; some

preferred one system and some the other. So that as the very witness who was prevented from answering the question asked in the first instance was subsequently permitted to testify freely on the subject, it is evident that the ruling of the court could not possibly have prejudiced defendant. The trial court found upon this issue of the proper condition of the nursery for the removal of the trees against the defense interposed by defendant and in favor of the plaintiff, so that the ruling being harmless and the court having found on the issue, the only question is the further one raised by appellant as to the sufficiency of the evidence to sustain the findings. On that point it is only necessary to say that there being a substantial conflict in the evidence, the finding cannot be reviewed here.

The judgment and order appealed from are affirmed.

Melvin, J., and Henshaw, J., concurred.